■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEENAN LEUNG, Appellant. [616 NYS2d 217] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 19, 1991, convicting him of rape in the first degree (2 counts), upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LEUNG, Appellant. [616 NYS2d 216] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 21, 1991, convicting him of rape in the first degree (2 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecution's summation did not deprive the defendant of a fair trial. The trial court sustained almost all of the defendant's objections, and curative instructions were given. Under the circumstances, the court properly concluded that the defendant had not been prejudiced and a mistrial was not required.

The sentence imposed was appropriate under the circumstances of this case (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Joy and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WELDON LIANG, Appellant. [616 NYS2d 216] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 25, 1991, convicting him of rape in the first degree (2 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecution's summation did not deprive the defendant of a fair trial. The trial court sustained almost all of the defendant's objections, and curative instructions were given. Under the circumstances, the court properly concluded that the defendant had not been prejudiced and a mistrial was not required.

Moreover, the sentence imposed was appropriate under the circumstances of this case (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Rosenblatt, Joy and Florio, JJ., concur.